Our first case of this morning, Melvin Keith Richardson v. Superintendent Coal Township SCI Council. Good morning, Your Honors, and may it please the Court, Keith Donahue for Appellant Melvin Keith Richardson. If I may, I'd ask to reserve three minutes of my time for rebuttal. Done. Your Honors, the claim before this Court traces back to a sentencing in 2003 before the Court of Common Pleas in Chester County. Right. We're a little familiar with the facts. So why don't we dive right into it, and in your reply brief at page 12, do you think you correctly identify the heart of the Commonwealth's case as the argument that the claim being now was not presented to the District Court, that this claim has morphed over time with the passage of time and with legal developments, and that it's fundamentally unfair for this Court to be reviewing something that wasn't put to the District Court? Candidly, I didn't fully understand or appreciate or maybe get what you were saying in response to that. Your response was the District Court was squarely presented with the question of whether the same failure to object was deficient performance on the part of trial counsel. How does that answer the question that the Commonwealth is making? Well, the point I was trying to make in the passage Your Honors is referring to is that it was argued in the original pro se pleadings that one of the two attorneys who represented Mr. Richardson in the trial court, an attorney named Joseph Green, had been faulted for the same error that now Mr. Hoey is faulted for. And the District Court, after the evidentiary hearing on remand, did entertain the claim as to Mr. Green. Nobody even asked the question of Brenza? Nobody seemed to press it on Hoey? Are you saying that the District Court really was presented with this? Somebody came to the District Court and said, hey, Mr. Hoey was acting as post verdict as well as appellate counsel, and even if you correctly guess, Your Honor, that the bill is going the other way on us, we've still got an issue. Did anybody say anything remotely like that to Judge Tucker? We said something remotely like it, in that the claim was that Mr. Hoey had failed to raise the issue for review. Now, Your Honor is correct that it was not said he failed as post sentence counsel and he failed as appellate counsel. It was rather simply as focused on appeal. Right. However, it was all about appeal, right? And she correctly understood it's not going to go there. She foresaw that. No, I don't think the claims are that discreet and that's sort of, I don't think that's a fair characterization of the record. First of all, when Mr. Hoey himself testified, right at the outset of his direct testimony when asked, what was your job? He said, I was retained to argue post sentence motions and then if necessary to take an appeal. So he immediately put those two phases together as ones in which he would be seeking to obtain relief. And the Pro Se Petition, I think can be construed equivalently as having pointed to Mr. Hoey in his capacity following the sentencing hearing for not having raised this claim. And the other point that the brief focused on is that the district court, it can be said for a fact, would have denied the claim had it been presented exactly as we've argued in this appeal. What relevance is that? The court did think there was no prejudice, but how does that help us with understanding whether this claim, I mean, was actually presented to the court? You've got a counterfactual that had you presented it clearly, you still would have lost. But how does that answer the question of whether you presented it fairly or not? Well, I think it goes to the fundamental fairness point your honor made with regard to the commonwealth's interest. The commonwealth didn't lose an opportunity to respond to anything that was of relevance to the district court. The district court found it relevant. How can that be? Just tell me what the logic of that. Assume for the sake of discussion, and this isn't tipping a hand at all, but just assume for the sake of discussion that we thought it wasn't fairly presented to the district court. How can that problem be ameliorated in any way by the fact that the district court ultimately would have decided against you on prejudice anyway? What difference does that make to whether or not systemically this process is working? That is, a fair presentation to the district court of the hideous claims being pressed on appeal. I think it's fair to say the claim is not presented exactly, so I'm not trying to fight with your honor about that. The point I'm trying to make is that the question of deficient representation on Mr. Howey was not considered relevant by the district court because the district court was asked to consider the exact same deficient representation on the part of Mr. Green, and it declined to address that issue. It found it unnecessary to address that issue due to its view on prejudice. So there's nothing missing from the record. There's no view of the district court that this court would have had the benefit of. The record would be exactly the same had the claim been articulated in precisely the way it's been articulated now. So your position is, you say Green, you say Howey, you say tomato, I say tomato, it's all the same. Not all the same, but functionally the same, and that there's no unfairness here. The other step that the court could take would be to look to the relation back doctrine. And clearly, the test for relation back is satisfied here. That standard is whether there's a common core of operative facts, and whether the facts differ in, quote, time and type from those alleged in the pleadings. Did you change the theory, or doesn't that make any difference under current case law? There was certainly a change, that the theory was deficient performance on appeal in the performance in exactly the same fashion during Pennsylvania's post-sentence motion phase. That change was made. But the facts relevant to each are therefore different in time. Fair enough to say that. But they're clearly not different in type. And relation back says that no relation back when facts are different in time and type. Here, they are exactly the same type. The difference is time. Are they the same type? Is a post-trial, post-verdict claim of the same type as a claim associated with ineffective assistance on appeal? The standards have been applied the same way. Now, they trace to different routes in the Constitution, of course. And they're different in the character of the things that are expected of those counsel, right? Yes, but not in regard to the error that took place in this case, which was to fail to raise the strongest claim that Mr. Richardson had for relief from the unlawfully imposed sentence. That was, as the strongest claim, it would have been appellate counsel's responsibility to lead with it, just as it was post-sentence counsel's responsibility to at least include it. You mentioned prejudice, and I just want to ask you a question or two here, if I might. I'll leave it to my colleagues. What is the... This fellow was sort of on the one-inch line, right? The way this came up was after a full-sentencing hearing at which he was represented, and then Mr. Richardson, at the start of the second hearing, a hearing at which the trial judge had previously said, I'm only going to impose sentence, there's really nothing else to do. He decides he doesn't like his lawyer anymore. My question to you is two-fold. One, is it reasonable to expect under those circumstances, and given the very harsh comments that the trial judge directed at the defendant at the sentencing, that there would have been either any difference in the sentence, or, even ignoring that, there would have been any difference had this been raised on direct appeal? Is there a fair probability that the Pennsylvania appellate courts would have said, under those circumstances, that there was a meaningful deprivation of the right to counsel because there wasn't a more fulsome discussion with Mr. Richardson about having counsel appointed? That's a long question. I'm sorry. You follow what I'm asking? I think so. I'll do my best. I'm going to try to take it in reverse. A term that your Honor, I think, helpfully used in contemplating what the appellate court might have done, what they have said, would it really have made a difference if there was a more fulsome explanation? The problem is, there was no inquiry, none. Therefore, it's a complete error. There's not a judgment call to be made in that sense. There was absolutely no waiver, and there was an absolute denial of counsel altogether. Was there not some discussion? Wasn't there a, you've been well represented by Mr. Green, I advise you not to do this discussion? No. No. There was not a statement, I would advise you not to do. After the court stated, I can go through the sequence of the colloquy. After the court stated that, I'll quote to you. This is from page 310 of the appendix. Mr. Green did an outstanding job on your behalf at trial. I was surprised he prevailed, I think, on a couple of the charges, but he did a good job. You have competent counsel, and you will be foolish to terminate his services when he's prepared to proceed. Close quote. Is that not a very direct warning, don't do what you're saying you want to do? No, it's not. The phrase, how could it be clearer? Because he made that statement after he'd already ruled. He'd already relieved Mr. Green of counsel. He was simply chastising Mr. Richardson at that point. He was not cautioning him. The matter was over at the time that quote that your honor read. Okay, thanks. What more would you have liked the judge to say? What would the phoretic colloquy have looked like? He would have had to say at least the first word toward a phoretic colloquy. So he would have had to, for one thing, warned Mr. Richardson of the risks entailed and that he would likely be foolish to be proceeding pro se. And he would have had to advise Mr. Richardson of all the aspects of the proceeding that he might not be capable of handling. He would have also had to advise Mr. Richardson of the consequences, the statutory maximums that were at stake. And he would have had to not just state all these things, but engage in a colloquy, a genuine colloquy, to ascertain the extent of Mr. Richardson's understanding and then to rule accordingly as to whether it was sufficient to permit self-representation. Okay. Hoy at the post-sentence motion for new trial only raised excessive sentence and also the fact that he didn't go through the factors, he didn't make a reasoned explanation as to the sentence. Am I correct about that? Yes. They were the only two issues that he raised. I don't know if I would call it two issues because they were broken down, but the gravamen of them was, as Your Honor has stated, they went simply to Pennsylvania state law sentencing requirements, the requirement, the state reasons for sentencing, whether within or outside the guidelines, the requirement to make clear that the court understands what the guidelines are. Recommendations that, not having studied them closely myself before this case, struck me as quite closely related to the ones that apply in federal court today since Booker. So there were claims of that nature, that procedural errors occurred in the basic Pennsylvania sentencing procedure and that... Which allows, as I understand it, it's criminal rule 721 allows the commonwealth to take an appeal. I'm not sure if it's rule 720 that is the one, but the Pennsylvania rules, it might be rule 721, but the commonwealth can take an appeal. Is that answering your question or I can go into a little more depth on that? No, I just wanted to make sure that that was the case. Counselor, if you're done. Why is Richardson's claim foreclosed because this is on the rule 60B6 motion and not the original habeas petition? Why doesn't that make a difference? The rule 60B motion has in effect been granted. We're past that stage and that happened in 2013 when this case returns to this court from the Supreme Court. An impressive work, Mr. Richardson obtained a remand from the Supreme Court on a pro se petition. This court then received a briefing from the parties and remanded to the district court to determine whether the prongs of Martinez v. Ryan were satisfied. Now this court could not say rule 60 motion granted, but my position would be that the record dictates that conclusion. That's clearly the course that proceedings took and when it returned to the district court, nobody was any longer talking about the rule 60 motion. The judgment had been reopened as rule 60 provided, so we were back as if the habeas petition were pending pre-rule 60 motion. Okay, thanks Mr. Donahue. We'll have you on rebuttal. Alright, thank you sir. Good morning, may I please the court, my name is Jennifer Buck, I represent the respondents in this matter. I think going to counsel's attempt to delineate a distinction between Mr. Hoy's role as direct appeal counsel versus post-sentence counsel is a distinction without a difference. Once the judgment of sentence is imposed, the role of counsel fundamentally shifts. Well, you seem to make the argument in your briefs that once the sentence is stated, that's it, that now the role goes to appellate counsel. Did I misread your brief, or is that right? That's the position, your honor. Isn't a sentence not filed though until, I mean, I should say, don't we in every context talk about appeal as beginning with the filing of a notice of appeal. Does the commonwealth have any authority at all, case law, statutory law, rules of procedure, that say appeal begins prior to the filing of a notice of appeal? No authority for that specific point, your honor. Well, that's a pretty crucial point, right? Yes, your honor. Okay. Does the commonwealth take the position that pre-appeal, post-verdict phases of the criminal proceeding are not a critical stage? It is a critical stage, your honor. Okay. So, if it is a critical stage, then we're in a zone where all the rights associated with the Sixth Amendment are in play, and if you were to lose those rights, it would have to be by way of a knowing and intelligent and voluntary waiver, right? Yes. Okay. So, if we're agreed on all of that, do you agree that there needed to be some colloquy between the trial judge and Mr. Richardson before telling him he could go ahead and represent himself at the close of his sentencing hearing? I would agree that a colloquy should have been administered to Mr. Richardson at the second part of the sentencing proceeding itself. And not just should have been, but the question is, without it, is it a fundamentally, constitutionally deficient proceeding that requires hadeous relief?  In order to reach that particular claim, it's a claim of trial court error. Therefore, I believe in counsel's argument, it falls sort of within that loophole that those that dissented in Martinez would envision, which is, if there is a critical constitutional violation at the time of trial and it's preserved, it will be addressed on appeal. If it's not preserved at the time of trial, then counsel who comes in at the post-sentencing phase, I'm sorry, at the collateral proceeding phase, will be able to identify trial counsel error for failing to raise that particular issue at the time. Here we have a unique set of circumstances where there was no counsel. Therefore, it's a stand-alone claim of trial court error. It's a claim that those post-conviction counsel failed to point out the failure of what is being argued as trial counsel's error. Post-verdict, still pre-appeal, is trial counsel. It was error not to say, hey, you can't do this without the kind of probing inquiry that Pennsylvania law requires, the kind of searching inquiry under the Sixth Amendment that the Constitution requires. You've got to say something, judge. Nothing like that was said by Mr. Green or by Mr. Hoey, and therefore, it was on Mr. Brenza to point that out. He didn't. That's, I understand, their line of argument. Where's the flaw in that? Where are they wrong? I believe, Your Honor, and obviously the record would speak for itself, but I believe that Mr. Brenza in his capacity as post-conviction counsel, when he undertook a review of the record, Mr. Richardson had asked him to raise certain claims, one of which was the failure to have the colic reconducted. Mr. Brenza did an analysis of that particular claim, raised it with the trial court, and said, I find this to be meritless. That's just, how does it, if it really is something that should have been raised, how does it help the commonwealth to say, this lawyer looked at it and didn't get it? Doesn't that only emphasize the point of ineffectiveness, rather than overcome it? Well, I believe, Your Honor, we would say that there's certainly the failure of the court to conduct a colloquy in this particular case, if we're looking at it in terms of the prejudice prong, which is, I believe, the position that counsel is articulating, where he is reclassifying Mr. Hoy in that capacity. So it seems to me there are several different lines of attack that weren't clear from your brief. One of them is, you're conceding right now, this is a critical stage, you have a right to counsel up until the moment of the notice of appeal, that's off the table. You're conceding, it sounds like, or not pressing that the lawyer was ineffective because there The line of argument seems to me, well, this fails, either we should draw the line at the imposition of the sentence, which is problematic, because it's kind of fuzzy until you get a bright line notice of appeal, or you're saying, now, this fails the second part of Strickland, that there's no showing of prejudice. The problem with that is that when you look at cases like Cronic, one of the few situations  Like, this kind of situation is what the Cronic presumption was designed for. So I don't see how it helps you to emphasize that his later lawyers screwed up. He was a better lawyer than they were, but they should have done more to help him. So I don't see how you can win on just disputing the second prong of Strickland. What's the flaw in that reasoning? I apologize to the court that my argument wasn't clear. When the sentence was imposed in this case, it obviously took place over the course of two proceedings. He did not have counsel at the second proceeding. He represented himself. He did not obtain counsel until after the sentence was imposed. We moved into what I will call the error correction phase, which is when Mr. Hoy stepped in. So when we were looking at actually the preservation of the claim with respect to the failure to conduct a colloquy, it was never preserved because he didn't have counsel there to preserve it for him. So then the issue becomes whether Mr. Hoy was ineffective for failing to raise and articulate that particular issue. What Mr. Richardson initially tried to do was say, Mr. Hoy, in the context of direct appeal counsel when he filed his brief with Superior Court, was ineffective for failing to raise that issue. Now that the Davila decision has been decided, that particular argument is foreclosed. So he's attempting to make a distinction where Mr. Hoy is really not direct appeal counsel in the sense that as post-sentence counsel, he's more akin to trial counsel. So now you're saying this isn't the same and it can't relate back because he's trying to move what was a claim about what he should have done on appeal into a claim post-trial. That's a preservation issue. I understand what you're saying here. But let's assume we don't agree with you. I guess the question then is, how can you dispute? It sounded to me like you were trying to make a second prong of Strickland prejudice argument. Are you? Yes. I believe that the only way that the court could reach this particular claim would be under the analysis of counsel ineffectiveness. But my challenge to that was, if there's a case for the presumption of prejudice and bypassing the second prong, this one looks like it. Let's assume this is preserved. Sake of argument, Judge Jordan was discussing it. Why isn't a presumption of prejudice appropriate here? Per se, denial. There was no counsel representing him. Green was in the back. He was not operating as standby counsel. Doesn't sound like you're disputing that. Correct. Okay, so why should we reach the second prong of Strickland? Why should we say he didn't have a lawyer as you've conceded? He had a right to a lawyer under Member v. Wray. In his other cases, that right extends all the way to the notice of appeal you've conceded. So ultimately, your whole case seemed to come down to whether this is preserved. I mean, I don't know. Maybe you're making a separate argument over the scope of Davila, which you haven't been articulating yet. We've gestured towards that. But you're hanging your whole hat right now on preservation, it sounds like. Am I wrong? No. Your Honor, if I could answer that. My hesitation and my pause in this particular case is the unique set of facts that surround this. That makes a clear answer to your question a little bit more difficult in the Respondent's opinion insofar as when one looks at the records, certainly there was not a call to be done. There was indication by Mr. Richardson that he wished to represent himself. Was that sufficient enough to say that that was an indication that he wanted to forego counsel's representation? I think that that's a difficult factual issue to resolve, which is part of the hesitation in acknowledging that the whole proceeding itself was sort of what Cronic had envisioned as the deprivation of counsel in that particular area. The fact that it took place over two days and that really it was just a ministerial task at the second proceeding as far as the court was concerned. Was it ministerial? There was a calling of a witness and a questioning. There was a review of the mental health evaluation. These are the sorts of things you'd ordinarily have a lawyer help you with, right? Yes, Your Honor. I would just note again under these particular circumstances, the witness that he called had already submitted letters that the court had previously considered, so there was nothing new that was presented at this particular proceeding? There was a questioning witness. Assume for a minute that Cronic somehow that we didn't think, oh, this is the Cronic situation. Even if you had to establish prejudice, didn't the district court apply the wrong standard? The district court said, this is from page 35, he must demonstrate that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. And that seems to imply that the sentence would have been different, but we've got a case, Menino, which has been cited in the briefing where we've said that that is not the standard. The standard is not whether the sentence would be different. The standard is whether the outcome of the proceeding, that is of the appeal, would have been different, right? Had this been raised properly and it had gone up properly because it was preserved in the trial court, they would have sent it back in Pennsylvania and said, hey, we've told you to do a probing inquiry. You didn't do it. That's the standard they're supposed to apply. So even if it's not Cronic, how is there no prejudice? Your Honor, to your question as far as the district court's analysis, the Respondent's position would be the court was charged specifically with evaluating the claims in light of the Martinez decision. And again, the Respondent's position is the claim that's now being presented to the court was never one that the district court actually considered. It was strictly in terms of a Davila analysis with respect to the conduct of Mr. Hoy. So we're back to you've got to look at Hoy, you've got to look at the argument and say they only argued Hoy as appellate counsel, period. Yes, Your Honor. Which is a preservation point. Yes. So I think your discussion with Judge Jordan illuminates one of my concerns with your court position. Let's assume we get past preservation, but you have a real argument, okay? Appellant draws a line at the notice of appeal. It looks like a pretty bright line. I think there's a wrinkle in there I want to ask him about. But your line seems to be when sentence is imposed, but Judge Jordan was just pointing out, well, there are two days. The second day isn't just ministerial. There were more things going on. There's hearings, there's witnesses. I don't see, and we asked you in the letter to come, what is the line that we can draw that will give guidance to future courts? If it's not the notice of appeal, right? Which is a relatively clear line, then what's going to be something that's administrable for future district courts to know, okay, up until this point and then thereafter this point, that's the dividing line for Martina's Davila analysis. So you seem to say it's when the court announces the sentence or it's when the judge writes down the sentence or enters the judgment with the sentence? What's the line you're proposing? The response and proposal, it's the actual imposition of the sentence itself. The oral imposition of the sentence? Yes. Okay. How can that be? Doesn't rule 720 Pennsylvania criminal rules require that post-verdict motions and post-sentence motions be made at the same time? No, I don't claim to be a familiar- Additional evidence can be brought in under 720 to amplify or to correct matters in 721. It says that the Commonwealth has a right to take an appeal, I think, within 10 days. Yes, Your Honor. I would note that with respect to rule 720, it is optional. That's another wrinkle that factors into this analysis here in the sense that only a challenge to the weight of the evidence and the discretionary aspects of sentencing must be raised in a post-sentence motion. Let me ask you this, then. If, for example, you had a rule 720 motion that sought both a new trial because of an error during the trial and, in the alternative, a new sentence based on an error at sentencing, would we then be boxed into a position where we'd have to try to figure out whether one of those arguments was made in the role of trial counsel and the other in the role of appellate counsel, the way you're trying to draw the line? No, Your Honor. How does it work? I don't understand. If you're trying to make a distinction at the point where the sentence is spoken and everything else after that is appellate, then how is the hypothetical I've presented to you not a circumstance where the same human being would be at one and the same time acting in both capacities and you'd have to make two separate arguments? Okay. Your Honor, prior to a finding of guilt, the role of counsel is certainly to identify any court errors that might be occurring during the course of the proceedings, make the relevant objections. Once the finding of guilt is imposed, then we move into the actual punishment phase. And again, counsel is advocating for his client, presenting certain evidence. If there's a challenge to anything that's in the sentencing guidelines, all of that is a prospective trying to influence the outcome of the particular proceeding through identifying errors and making argument. Once the actual sentence is imposed, counsel's role shifts insofar as he's looking at ways to do, how do I get a new proceeding? How do I change the outcome that has already occurred? So it's more of a looking back procedure at that point, identifying errors that he might be trying to influence an outcome, which I believe are two different roles. Okay. My colleagues may have one last question. Do you agree that we're on de novo review here? Yes, Your Honor. Okay. Thank you. All right.  Mr. Donohue, your rebuttal, please. Your Honor's remarks during my colleague's presentation, I've captured very much are several winning arguments, I believe, on prejudice, both in terms of Menino, the Judge Jordan cited, Cronic, the Judge Bubis cited. So I'll go back to preservation. I'll certainly take any other questions. But what I'd like to try to get across on preservation is that it's true, I can't believe we've repackaged the claim, that that had to be done because of changes in the law that have occurred over the long pendency of this habeas action. But the fundamental claim has always been the same. And it's that Mr. Richman is entitled to relief because he was required to represent himself at sentencing without ever having waived the right to counsel. Is there a difficulty in that, though, Mr. Donohue, in that if something is not fairly presented to the district court, if that argument isn't preserved, that we're imposing a real systemic cost, something that the bill itself talks about, being aware of not expanding Martinez because it has systemic costs. Aren't we inviting people to effectively just make Supreme Court decisions, all of them retroactive, by saying, it's okay, you can repackage this and you can send it up, even though nobody said anything about this to the district court in the fashion that it's being presented here. It's all right. Go ahead. Make your argument. I think that broader concern is genuinely not implicated here. This is a one-off case in that sense. And that's because the differences between the original claim and the repackaging claim, they're very granular differences. The complaint is not only of the same error, but of the same attorney who is representing the defendant to a single span. That span did encompass two distinct phases, and we should have done a better job noticing that first one. But it's such a tweak, it's such a small adjustment that I don't think it augurs a vast new opening where everything can change with new Supreme Court rules coming down. Counselor, so he's got a list of claims in his pro se petition. Are you claiming that this is some fusion of I and J and M? Because no one of them really speaks quite to this. How does... I think that's... Where do you hang your hat? I think that's very close. Perhaps the term fusion is there. I'm not sure I would use it. The key claims would be claim I and claim M. Claim I is about Attorney Green. Claim M is about Attorney Howey. And the point I'm labored to make is that the district court just wouldn't have answered the question we're putting to you even if there had been a claim J, even if there had been something in between I and M that was exactly right. That district court opinion would have been exactly the same. So I just don't see what's lost, what's unfair to the adversary in that context. Well, maybe we should be concerned about not just what's unfair to the adversary, but what is fair to the system, right? Because every time we grant habeas relief, we're, in effect, telling the state court, you fouled up, and we're, in a sense, saying to the district court, you fouled up. And if, in fact, the arguments were never made in either of those places, how fair is it for us to say to them, you made an error of constitutional dimension? Could I ask... I'm interested in the answer to that first. Um, unfortunately, both the district court and the state habeas courts did make grave errors of constitutional dimension. The district court's grave error was about prejudice, and your honor's already identified two of multiple reasons why it was an indefensible ruling. Certainly, the district court can be forgiven for not noticing the post-sentence motion stage, but the district court's ruling on prejudice doesn't deserve any sort of respect. The state habeas court's rulings, um, I think what we're in here, were they terrible when it comes to all of the procedural complexities of habeas? Maybe they weren't terrible in that regard, but they really were terrible in allowing so severe a sentence to stand for a man who had no counsel at the sentencing where it was imposed. That's not tolerable. That's not something that would be easy for a genuine, for a fully engaged court of law to just let slip by. So, moving past preservation, um, one of the strengths of your position is that notice of appeal looks like it's a clear rule. The problem is, as I understand it in Pennsylvania, there are certain things that trial counsel can file after the notice of appeal that wind up delaying the effective date of the notice of appeal. So, it's not as if the district court is actually completely divested of jurisdiction and it all shifts. So, how do we formulate a rule that's going to work? In what kinds of situations is this going to be a problem in Pennsylvania state court? And what would the wording of the rule be that would deal with those kinds of post notice of appeal filings? Well, I may be ignorant of the illusion Your Honor made at the beginning of that question. I don't think there are that many situations, only very anomalous situations in Pennsylvania where after the notice of appeal, trial counsel can still do something. Maybe can bring something based on after-discovered evidence. There's, I know, a case out there where incorrect timing between the filing of a notice of appeal and the disposition of the post-sentence motion, the court's made some dispensation for. But I think these are real exceptions. So, I think the language of the rule, really, it's a nice instance of it's a simple rule once the notice of appeal is filed. I thought that post-sentencing motions under the comment to Rule 720 made the notice of appeal premature. So, motions to modify a sentence. I mean, I don't know whether this is coming up very often, but there's some suggestion that counsel sometimes are able to engage in motion practice after filing the notice of appeal. The notice of appeal would be premature. That's where we start, if the post-sentence motion was pending. But once the notice has been filed, now when you're done, you missed your post-sentence motion chance. You can't start over with a post-sentence motion. There may be instances where a pro se defendant jumbled that a little bit. I'm thinking of one case, a name I can't recall, but I'd be happy to supply it to the court if the court wishes. So, I'm not thinking never happen. But if you're represented by an attorney and the attorney files a notice of appeal, the attorney can't then go ahead and file a post-sentence motion. I don't believe that that's possible. I think the commentary to Rule 720 is important, but I think it establishes that those two never between shall meet. Don't take the appeal until the post-sentence motion is denied, if by operation of law, potentially after 150 days. And don't file a post-sentence motion once you've filed a notice of appeal. Either do both or go straight to your appeal. Your choice. Okay. Thank you very much, Mr. Donahue. We've got the case under advisement. Appreciate counsel's argument. We'll call our next case.